Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JACOB HELLMAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* MANNING SAND PAPER COMPANY, Employer, and AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — assault of night watchman while endeavoring to protect manufacturing plant — "employee."

A night watchman, employed by a manufacturer of sand paper, whose duties were to guard the premises against the danger of fire, to protect them against the commission of depredations, to keep the furnaces supplied with coal and to pour glue into the vats, is an "employee" within the meaning of section 3, subdivision 4, of the Workmen's Compensation Law, and when assaulted and injured while endeavoring to protect the plant from depredations by violence is entitled to an award.

APPEAL by the defendants, Manning Sand Paper Company and another, from an award of the State Industrial Commission, entered in the New York office of said Commission on the 28th day of August, 1916.

*Jeremiah F. Connor*, for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel for the State Industrial Commission, for the respondents.

LYON, J.:

The claimant's employer was engaged in the manufacture of sand paper, which was a hazardous employment. The claimant was employed as a night man at the manufacturing plant. His duties were to watch the premises against the danger of fire, and to protect them against the commission of depredations to keep the furnaces under the boiler supplied with coal, and to pour glue into the vats. In the evening of August 1, 1915, while standing upon the front platform of the employer's plant, two men came thereon. Upon being asked by the claimant

what they wanted, they said, "Nothing," but thereupon assaulted the claimant, took a small sum of money from his pocket and while the struggle was going on between the claimant and one of the men, the other entered the factory and stole the claimant's dinner pail. In the struggle the claimant was thrown down the steps of the platform and sustained the injuries for which the award complained of was made.

The employer reported that the claimant was injured in the course of his employment. Two at least of the claimant's duties, those of firing the boiler and keeping the vats supplied with glue, were directly connected with carrying on the employer's business. The claimant was engaged in a hazardous employment in the service of an employer carrying on and conducting the same upon the premises, hence he was an employee within the meaning of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 3, subd. 4), and entitled to compensation for accidental injuries arising out of and in the course of his employment. He was injured at his employer's plant while endeavoring to protect it from depredation by violence which he encountered as an incident of his occupation.

I think the award should be affirmed.

Award unanimously affirmed.