EMPIRE HEALTH AND ACCIDENT INSURANCE COMPANY *v.* PURCELL.

[No. 11,115.    Filed November 2, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*— "*Accident Arising Out of and in the Course of the Employment.*"—*Construction.*—The words "by accident arising out of and in the course of the employment," as used in Workmen's Compensation Act, should be given a liberal construction. pp. 555, 558.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*— "*Accident Arising Out of Employment.*"—An accident arises

Empire Health, etc., Ins. Co. v. Purcell—76 Ind. App. 551.

out of the employment, within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), is when there is a casual connection between it and the performance of some service of the employment, and the causal relation is established when the accident is shown to have arisen out of the risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employe works and his resulting injury.   p. 555.

3. MASTER AND SERVANT.—Workmen's Compensation Act.—Evidence.—Failure of Injured Workmen to Testify.—Presumptions.—Where applicant for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) had his skull fractured and as a result of the injury was not at all times rational, his failure to testify, in the proceedings before the Industrial Board does not raise a presumption that had he testified his testimony would have been adverse to his right to recover compensation.   p. 556.

4. MASTER AND SERVANT.—Workmen's Compensation Act.—Injury Arising Out of Employment.—Injuries to Insurance Collector on Street.—Where the duties of an insurance solicitor and collector of premiums required him to travel from place to place, a locality to which he was required to go in the course of the employer's business constituted the place of employment, and the hazards of injury from falling on the streets, or from assault or robbery, while in the performance of his duties, were incidental to his employment, so as to entitle him to compensation for injuries sustained from such causes, though the public generally in that vicinity were exposed to the same hazards.   p. 559.

5. MASTER AND SERVANT.—Workmen's Compensation Act.—Injury Arising Out of Employment.—Evidence.—Sufficiency.— In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), evidence held sufficient to warrant an inference that the injuries received by an insurance collector resulted from conditions brought about by reason of his employment, so as to entitle him to compensation, though there was no direct evidence as to the manner in which the injuries were sustained.   p. 558.

6. MASTER AND SERVANT.—Workmen's Compensation Act.—Causal Relation Between Employment and Injury.—Although there must be some causal relation between the employment and the injury to justify an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq.

Empire Health, etc., Ins. Co. *v.* Purcell—76 Ind. App. 551.

Burns' Supp. 1918), it is not necessary that the injury be one which ought to have been foreseen or expected, but it must be one which, after the event, may be seen to have had its origin in the nature of employment.   p. 561.

7.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Questions of Fact.—Proximate Cause.*—Where one whose duties in the course of his employer's business require him to travel from place to place receives an injury by reason of the hazards and conditions surrounding him, it is ordinarily a question of fact as to whether the employment was or was not a contributing proximate cause of the injury.   p. 562.

8.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Facts.—Scope.—Accident Arising Out of and in Course of Employment.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the finding as to whether the accident arose out of and in the course of the employment is a finding of ultimate fact within the meaning of §60 of the act.   (*Inland Steel Co.* v. *Lambert* [1917], 66 Ind. App. 246, and *Retmier* v. *Cruse* [1918], 67 Ind. App. 192, overruled in part.)   p. 562.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William F. Purcell against the Empire Health and Accident Insurance Company. From an award for applicant, the defendant appeals. *Affirmed.*

*White & Jones, H. B. Johnson* and *Samuel A. Harper,* for appellant.

*James M. Berryhill,* for appellee.

MCMAHAN, J.—This is an appeal from an award of the Industrial Board on account of accidental injuries sustained by appellee while in appellant's employ.   The errors assigned are:   1.   The award is contrary to law. 2.   The facts found by the board are insufficient to sustain the award.   3.   The facts found are not sustained by sufficient evidence.

Appellant contends there is no evidence tending to show appellee's injury was one "arising out of" or "in the course of" the employment.

The evidence discloses the following facts: December 7, 1920, appellee was in the employ of appellant as an insurance solicitor and collector of premiums at an average weekly wage exceeding $24. About 5:00 p. m. on said day he received a. personal injury by accident, as a result of which he has been totally disabled and unable to work since receiving said injury. Appellant had knowledge of said injury December 9, 1920. About 5:00 p. m. December 7, 1920, appellee in the course of his employment called at the home of one Williams for the purpose of collecting a premium from Williams on a policy issued by appellant. One Charley Wood was living with Williams at that time and was present when appellee made the collection from Williams. A friend of Wood, by name of Mason, was also present at that time. After appellee made his collection from Williams, and as he was going out of the door, he asked Wood what he had for him. Wood replied that he did not have anything, as he had been sick and not able to work. Appellee and Wood stood just outside or near the open door when Wood asked appellee about a claim he (Wood) had against appellant and why it had not been paid, to which appellee replied that when the company "catches you up" it won't pay you. By this time appellee and Wood had gotten outside of the house and closed the door. Mason had also left the house. Appellee and Wood as they left the room were discussing the question of Wood's claim in a friendly manner. From three to five minutes later appellee pushed the door open and came back into the house, sat down on the side of the bed saying he was sick and when asked if he wanted a doctor told Williams to call up the "force." Neither Wood nor Mason came back into the house and have not been seen or heard from since that time. Williams testified that he didn't hear any noise or any blows, did not know whether appellee was struck

MAY TERM, 1921. 555

Empire Health, etc., Ins. Co. *v.* Purcell—76 Ind. App. 551.

or whether he fell, did not know whether Wood or Mason or either of them struck him, they were outdoors and he didn't know anything about it until appellee came back into the house. When appellee came back into the house he was suffering from a depressed fracture of the skull and a laceration of the brain caused by bone fragments, since which time he has not at times been rational. When appellee came back into the house he was unable to make himself understood and Williams called in a neighbor after which the police were called and appellee was taken to the hospital. Wood was insured in more than one insurance company and had more than one policy for which appellee collected. At the time of appellee's injury and prior thereto Wood had a policy issued by appellant upon which he had made a claim for benefits which had not been paid. Williams and a fourth man were busy getting supper when appellee first called.

It was admitted that on December 7, 1920, appellee was in the employ of appellant at a weekly wage in excess of $24; that on said date he received a personal injury, as a result of which he had ever since that time been totally disabled and unable to work; that appellant had knowledge of such injury two days later, and that the only question was whether or not the accident arose out of the employment.

The words "by accident arising out of and in the course of the employment," as used in Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), should be given a liberal construction in order that the humane purpose of their enactment may be realized. An accident is said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment. The causal relation is established when the accident is shown to have arisen out of a risk

which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employe works and his resulting injury. *Holland, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330.

Appellant contends that there is no direct evidence showing or tending to show by what means or in what manner appellee was injured, that the facts disclosed by the evidence do not warrant the conclusion that the injury to appellee arose out of or in the course of his employment.

The record presents a peculiar situation. Appellee was not present at the hearing and did not testify as a witness before the single member of the board or at the hearing before the full board. He was not represented on either hearing by a lawyer. His wife was present but took no part in the examination of the witnesses and although sworn as a witness she was unable to testify to any fact which tended to show how appellee came to be injured other than that he was injured while at work. She started to tell what her husband in his "last declaration" told her about his injury but was prevented doing so on the ground that all she knew was hearsay. The doctor when asked concerning appellee's condition replied, "not always rational." Whether appellee was rational and able to testify at the time of the hearing is not directly and positively disclosed by the evidence.

Appellant insists that the failure of appellee to testify raises a presumption that had he testified, his testimony would have been against him. As before stated, 3. appellant admitted all the facts necessary to sustain an award in favor of appellee, except that it did not admit that the injury to appellee *arose out of* his employment. The statement of the physician, when asked about appellee's condition, that he was not always

rational, and the character of appellee's injury, when taken in connection with the facts and circumstances as disclosed by the record, are sufficient in our judgment to explain the absence of appellee and his failure to testify as a witness and to overcome any presumption that might possibly be indulged against him because of his failure to testify.

In view of the stipulation "that the only question is whether or not the accident arose out of the employment," there is no merit in appellant's contention that the evidence fails to show that the injury occurred in the course of the employment.

Where an insurance agent was injured as a result of slipping on an icy sidewalk while going from his train to the hotel in a town to which his employer had sent him to transact business for the company, it was held that the injury arose out of the employment. *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142, the court said: "Where the employment of the injured person requires him to be at the place where his injury is received, and he is in fact at such place in pursuance of the discharge of the duties of his employment, the risk thereby encountered is held to be incident to such employment, though the injury may have resulted from conditions produced by the weather to which persons generally in that locality were exposed. Where the duties of the employe require him to travel and visit different places in order that he may discharge the duties of his employment, his place of work is thereby enlarged or extended to include all the places to which such employe necessarily goes in discharging the duties of his employment. While the conditions produced by the weather may in a sense affect all alike in the particular vicinity, yet the fact remains that a person so employed is much more exposed to such hazards than the public generally because of the duties enjoined upon him by his employ-

ment and the place or places to which he must necessarily go in the discharge of such duties."

On page 306, of the same opinion, it is said: "If the nature of the employment, or the conditions under which it was pursued, or the exposure to injury it entails, or the doing of something incidental to the employment, was a proximate cause of the injury, it arises out of the employment. An injury of this description is one of the risks of the employment; for it is due to it and arises from it, either directly or as incident to it, or to the conditions and exposure surrounding it. And the proximate cause of the injury is not necessarily that which immediately arises out of the employment, but may be that which is reasonably incidental to it."

In the instant case the duties of appellee required him to travel from place to place for the purpose of soliciting insurance and making collections. The localities to which he was required to go in the course of the business constituted the place or places of his employment. It was by reason of his employment that he was at the place where he was injured. He was where his employment took him. The hazard of being injured by reason of accidentally falling while in the appellant, the hazard of being assaulted or robbed on account of his business, as well as the hazard of being injured by reason of accidentally falling while in the course of his employment, were all hazards incidental to his employment. This proposition is not changed by the fact that the public generally in that vicinity was exposed to the same hazards. Appellee's employment as a collector of money exposed him to increased hazards generally. The evidence warrants the inference that his injury resulted from conditions brought about by reason of his employment and because he was in that locality at the time in question.

As was said by the court in the Harraden case, 4. *supra*: "The facts admit of no other inference but that for his employment he would not have been in that locality at the time of his injury. His employment was therefore a contributing proximate cause of his injury. By reason of it he was exposed to a hazard which in all reasonable probability he would not otherwise have encountered. The work he was employed to do required travel and made him particularly subject to hazards to an extent far greater than like hazards encountered by the general public. Such being the case, the facts not only warrant the conclusion that the injury of Harraden was received in the course of his employment, but they likewise compel the inference that his injury arose out of his employment within the spirit, purpose, and meaning of the Workmen's Compensation Act, *supra*. The facts on which the question is based invoke the application not only of the principles applied in cases of accident due wholly to conditions produced by the weather, but likewise invoke the principles applied to accidents causing injuries to persons whose employment requires them to go upon public streets or into like places of danger."

In *Refuge Assurance Co., Ltd.* v. *Millar* (1911), 49 Scottish L. R. 67, 5 B. W. C. C. 522, an insurance agent employed to collect premiums from door to door, slipped on some stairs while on his rounds and injured himself. It was held that the accident arose out of the employment. In the course of the opinion, it is said: "If this man was on this stair simply and solely for the purpose of his business, namely, to go to the person whom he was calling upon, this accident fairly arose out of his employment as well as in the course of it."

As said by this court, *In re Bollman* (1920), 73 Ind. App. 46, 126 N. E. 639, "The question in each case must

be determined from a consideration of its own facts and circumstances. The question whether the accident resulting in injury or death in a given case arises out of the employment does not depend upon the minute details of what the employe was doing at the time, but rather upon the question as to whether the accident was due to a hazard to which the employe would not have been exposed apart from the business in which he was employed.    *    *    *    The accident which caused Bollman's death was due to a hazard to which he would not have been exposed apart from his employment. The accident was the result of a risk which was reasonably incidental to the employment."

Appellee was known to Wood and Mason as a collector for insurance companies and likely to have considerable money in his possession. Within a few minutes before he was injured, appellee in the presence of Wood and Mason collected some money from the man with whom Wood was living. Wood and Mason left the house just before appellee did. Appellee started to leave the house and in so doing met Wood at the open door, and there asked Wood what he had for him. It is clear he was inquiring of Wood about the payment of the premium on an insurance policy carried by Wood and issued by appellant. Appellee and Wood became engaged in a conversation relative to a claim, Wood had against appellant. At this point the door was closed. Appellee, Wood and Mason were outside and alone. No one saw or heard what took place between them. From three to five minutes later appellee came back into the house. His skull was fractured and his brain lacerated and torn by bone fragments which had been driven into it. He was unable to give any account of what had taken place, became unconscious, was taken to the hospital and ever since that time has been unable to perform any labor and only at times seemingly rational.

Wood and Mason disappeared in the darkness without waiting to get their supper and have never been seen since that time. The disappearance and flight of Wood and Mason when coupled with the other facts disclosed are sufficient to warrant an inference that they committed an assault and battery upon appellee which resulted in his injury, and that such injury was occasioned because of his employment.

The law as to "street risks" is well stated in *Matter of Redner* v. *Faber & Son* (1918), 223 N. Y. 379, 119 N. E. 842, where the court quoting from *Dennis* v. *White & Co.*, 1917 App. Cas. (Eng.) 479, said: "If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risk incidental to the streets, the accident arises out of as well as in the course of his employment. * * * The use of the streets by the workman merely to get to or from his work of course stands on a different footing altogether, but as soon as it is established that the work itself involves exposure to the perils of the streets the workman can recover for any injury so occasioned."

It has been held that the risk of an employe being injured when using an automobile for transportation, by and when being stopped by officers of the law for speeding or other traffic violations is a risk to be anticipated. *Wold* v. *Chevrolet Motor Co.* (1920), 147 Minn. 17, 179 N. W. 219.

While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been fore-seen or expected, but it must be one which, after the event, may be seen to have had its origin in the nature of the employment. *Mueller* v. *Klingman*

(1919), 73 Ind. App. 136, 125 N. E. 469. A man who is known to be carrying money is a tempting object for criminals to attack and is exposed to dangers and hazards not common to all who travel the streets. *Nisbet* v. *Rayne & Burn* (1910), 2 K. B. 689.

When one, so situated and employed as was appellee, receives an injury by reason of the hazards and conditions surrounding him, it is ordinarily a question of fact as to whether the employment of such person was or was not a contributing proximate cause of the injury. We are of the opinion that the Industrial Board was justified in drawing the inference that appellee's injury arose out of his employment. This conclusion is supported by *Ohio Bldg. Vault Co.* v. *Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149; *Hellman* v. *Manning, etc., Co.* (1916), 162 N. Y. Supp. 335, affirmed in 221 N. Y. 492, 116 N. E. 1051.

Appellant also contends that the facts as found by the Industrial Board are not sufficient to sustain the award. The board found that appellee received a personal injury by an accident "arising out of and in the course of his employment." This finding appellant says is "a statement of an ultimate conclusion and not a finding of fact," and that the facts should be stated upon which the board stated its ultimate finding. After calling attention to *Weaver* v. *Industrial Commission* (1921), (Col.) 194 Pac. 941, which lends support to its contention, appellant cites *Inland Steel Co.* v. *Lambert* (1917), 66 Ind. App. 246, 118 N. E. 162, in support of its contention. It was held in the Lambert case, as contended for by appellant, that the determination by the Industrial Board that an accident did or did not arise out of or in the course of the employment was a legal conclusion and not the statement of an ultimate fact, such as is contemplated by §60 of the Workmen's Compensation Act (Acts 1915 p.

392, *supra*). That holding however was disapproved in *Muncie Foundry & Machine Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. See also, *Board, etc.* v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843; and *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703.

In harmony with the cases last cited, we hold that the question as to whether the accident arose out of and in the course of the employment is an ultimate fact which must be found by the board and that the facts as found by the board are sufficient to sustain the award. The cases of *Inland Steel Co.* v. *Lambert, supra,* and *Retmier* v. *Cruse* (1918), 67 Ind. App. 192, 119 N. E. 32, in so far as they conflict with this opinion are hereby overruled.

There being no reversible error in the record, the award is affirmed.