## Hazelwood, et al. v. Standard Sanitary Manufacturing Company, et al.

(Decided May 1, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Master and Servant—Injury to Employee by Coemployee Play-
ing with Air Hose Held Not Accident Arising Out of and in Course
of Employment.—Where employee was injured when a fellow
employee in cleaning his clothes after work applied a compressed
air hose to his rectum and ruptured his intestines, injury was not
result of an accident arising out of and in course of his employ-
ment, under Ky. Stats., section 4880.

2. Master and Servant—Finding of Compensation Board on Undis-
puted Facts Reviewable.—Finding of Workmen's Compensation
Board, on undisputed facts, that accident arose out of and in
course of employment, is a finding of law, and is reviewable by
courts.

S. A. ANDERSON for appellants.

SELLIGMAN & SELLIGMAN and NORTON L. GOLDSMITH for
appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellants (hereafter referred to as plaintiffs),
Marie A. Hazelwood, the widow, and Frances E. Hazel-
wood, Thomas A. Hazelwood and James C. Hazelwood,
the children of Daniel T. Hazelwood, deceased, seek to
reverse a judgment setting aside an award of $4,000.00
made to them by the Workmen's Compensation Board.
Daniel T. Hazelwood was employed by the appellee
(hereafter called defendant), Standard Sanitary Manu-
facturing Company, as a sawyer in its box factory, and
he worked on the night shift. On July 28, 1923, he and
those working with him, had stopped work about 4:50 a.
m., and were dusting off and cleaning up their clothes
preparatory to leaving the factory at the conclusion of
their shift, which would be 5:30 a. m.

In defendant's factory it has and has had for years
a series of posts or pipes to which were attached flexible
rubber hose. These pipes were filled with compressed
air at a pressure of about 110 pounds to the square inch.

By means of a valve, the air in these pipes is let into the hose. This compressed air system was designed and installed for the purpose of affording the workmen an easy and convenient device wherewith to blow the sawdust from the saws and to clean the machinery they were using. Hazelwood and his co-workers conceived the idea of cleaning their clothing with this device. At about 4:50, Hazelwood took the air hose and blew the dust from the clothing of a fellow workman, Morgan Longacre, and playfully endeavored by means of the air, to blow the hat off of Longacre's head. A few minutes later, another fellow workman, Chester Bradshaw, took the hose from Hazelwood, and began cleaning Hazelwood's clothing. While he was so engaged, Longacre took the hose from Bradshaw, and continued cleaning Hazelwood's clothes. After being so engaged for a brief moment, in a spirit of fun and horseplay, he applied the hose to Hazelwood's rectum. The compressed air in the hose so applied to Hazelwood's rectum rushed through his clothing, entered his body per anus, thus causing his intestines to balloon, distend and rupture, as a result of which he died about seven hours later.

Plaintiffs made application to the Workmen's Compensation Board for compensation, claiming that the deceased met his death by an accident arising out of and in the course of his employment. See section 4880, Kentucky Statutes. The board found for plaintiffs, and made them an award of $4,000.00. In due time, defendant filed in the trial court its petition for review, and the court set aside this award. Plaintiffs have appealed to this court. There is no dispute about the facts. The question presented is strictly a question of law. Hazelwood having been killed while engaged in skylarking and horseplay, can it be said that his death was the result of an accident arising out of and in the course of his employment? This case is almost identical with the case of Federal Rubber Mfg. Co. v. John Havolic, 162 Wis. 341, 156 N. W. 143, L. R. A. 1916D 968. The only difference is that in that case the workmen were employed in a rubber tire factory and the victim of the horseplay did not die. There the workmen were using compressed air to clean their clothing, and the air was applied to Havolic's rectum, with the same result as here, except, after a long hospital experience, he recovered from the injury. The reasoning

of the court in that case is so sound that we shall adopt it:

"There is liability only 'where, at the time of the accident, the employe is performing service growing out of and incidental to his employment.' It was held in Hoenig v. Industrial Commission, 159 Wis. 646, L. R. A. 1916A 339, 150 N. W. 996, 8 N. C. C. A. 192, after full argument and consideration, that the injuries covered by the act are such as 'are incidental to and grow out of the employment.' This seems practically to mean the same thing as the expression in the English compensation act, 'arising out of and in the course of the employment.' Under the English act it has been held that accidents resulting from 'larking' or playing with machinery cannot be held to arise out of the employment. Furniss & Co. v. Gartside, 3 B. W. C. C. 411; Cole v. Evans, Son, Lescher & Webb, 4 B. W. C. C. 138. The Massachusetts act provides compensation for an injury which 'arises' out of the employment, and it was well said by the Massachusetts Supreme Court in McNicol's case, 215 Mass. 497, L. R. A. 1916A 306, 102 N. E. 697, 4 N. C. C. A. 522: 'The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.''

Plaintiffs insist that the compensation board having found that, as a matter of fact, Hazelwood lost his life while employed by the defendant, and that the accident arose out of and in the course of his employment, that this is a finding of fact, and being such, is binding on the courts, and that the circuit court erred in reviewing that finding. We cannot agree with them. In fact, we have already decided this question adversely to their contention. See Bates & Rogers Construction Co., et al. v. Allen, 183 Ky. 815, 210 S. W. 467, where this court said:

"The rule relied on by counsel as to the effect of the findings of fact by the board only applies where there is a disputed issue of fact, and on the disputed facts the board makes a finding. If there is no issue

of fact, or if the facts are undisputed, the question on the facts becomes one of law, and the finding of the board is a finding of law, and not of fact, although it may be styled a finding of fact by the board. It is a familiar principle in our practice that when, in the trial of a common law case before a jury, there is no dispute as to the facts, the question for decision is one of law, to be made by the court, and not by the jury, and we think the same rule should be applied in compensation cases. Hochspeier v. Industrial Board, 278 Ill. 523, 116 N. E. 121, L. R. A. 1918F 227.

"The question, therefore, being one of law, and not of fact, we do not find in the compensation act anything that precludes us from inquiring into the correctness of a finding of law made by the board. We think the right of the court to review it is authorized by that clause in section 4935 of the statute giving to the court the authority to determine whether or not 'the order, decision or award is not in conformity to the provisions of this act.' If Allen, on the undisputed facts, was entitled to compensation, then the decision of the board was not in conformity with the provisions of the act, and so if the board, where there is no dispute as to the facts, should allow compensation, the court could review its finding of law."

We admit that Hazelwood was injured at his working place, during working hours, but how injuries resulting from such inexcusable and revolting horseplay as this can be said to be incidental to the employment we are unable to understand. It is equally impossible to understand how it can be said that Hazelwood met with an accident arising out of and in the course of his employment. There is absolutely no relation between the hazards of defendant's business and Longacre's and Hazelwood's lamentable play. No risk or peril incidental to defendant's business caused Hazelwood's death, and the accident relied on by plaintiffs did not arise out of Hazelwood's employment. The rule of law upon which defendant relies is unmistakably clear and inescapable, and it absolves defendant from responsibility and liability. Consequently, the circuit court did not err in holding that compensation should be denied the plaintiffs, and that the board's award should be reversed and set aside. Its judgment is affirmed.