## GRAVER TANK AND MANUFACTURING COMPANY v. POHLPLATZ ET AL.

[No. 14;846. Filed April 7, 1933.]

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis,* for appellant.

*Tinkham & Galvin,* for appellees.

BRIDWELL, J.—Appellees, the widow and children of one Leo W. Pohlplatz, deceased, filed with the Industrial Board of Indiana an application for the adjustment of their claim for compensation against appellant, alleging that the said Leo W. Pohlplatz died on the 4th day of

February, 1932, as the result of injuries sustained by him on January 31, 1932, by reason of an accident arising out of and in the course of his employment with appellant, and that they were wholly dependent upon said deceased.

The full Industrial Board, upon review, made its finding and award in favor of appellees and this appeal followed, the error assigned being that the award is contrary to law.

The question presented is as to the sufficiency of the evidence to sustain the finding upon which the award is based. Appellant contends that the undisputed evidence established the fact that appellees' decedent was an independent contractor and fails to establish that the accident arose out of and in the course of the employment.

The evidence is not conflicting. At the hearing the parties stipulated as follows: "It is stipulated and agreed that Leo W. Pohlplatz was working for and in the employ of defendant on or prior to January 31, 1932, at an average weekly wage in excess of $30.00 a week.

"It is further stipulated that he died on February 4th, 1932, at two o'clock A. M. That he left surviving him Johanna Pohlplatz, forty-six years old, his wife; Leona Marie Pohlplatz, twelve years old, his daughter; and Josephine Pohlplatz, ten years old, a daughter, all of whom were totally dependent upon the said Leo W. Pohlplatz for support."

In addition to the stipulation there is evidence to establish that the deceased had worked for appellant for approximately 25 years; that his work was the installation of tanks for the company and he worked wherever he was sent; that he had worked in many of the different states in the United States; that in January, 1932, he was foreman of erection, and in charge of the work of installing a "gas holder" at Benton, Illinois, for appellant; that the work on this job, other than the "testing," was completed on January 30th; that the "Field Man-

ager" for appellant, on January 30th, called the deceased by telephone, but talked over the phone with decedent's son who related the conversation to the deceased, and deceased was by said field manager instructed to leave another person, who was working on the Benton job, in charge of the testing and to proceed to North Bergin, New Jersey, and to be there by the 3rd or 4th of February, as the material would be there before that time, and that he wanted him (the deceased) to start the job at once; that the decedent, accompanied by his son who was a "welder" on the job at Benton, left there about seven o'clock P. M. on that day in the decedent's automobile which he used in traveling to and from his work on different "jobs" for the company, and started for North Bergin, the deceased directing his son to drive through Hammond in order to "pick up" another man; that near Chicago Heights an accident happened, the car in which decedent was riding was wrecked, and he received the injuries from which he died. Appellant's "field manager" testified that the deceased was sent by appellant to install the tank at Benton, Illinois, for the company and that he was in charge of the operation down there for the defendant company; that he had the telephone conversation hereinbefore mentioned; that he instructed that Jack Kingston be left to do the testing at Benton; that he did not instruct the deceased to go to North Bergin any particular way; that the company (appellant) allowed all its foremen railroad fare, and on long distances the equivalent of Pullman fare, and if they travelled in their own car the whole roalroad fare, plus the Pullman fare; that it was optional with the foremen whether they went by railroad or some other means of transportation, and that this was a matter left to the discretion of the employee. There is also evidence to prove that the deceased secured plans for the various jobs upon which he worked from the field manager of appellant, and that

when a job was finished he would make out his report and take it to the office of appellant in East Chicago; that his wages ceased when he turned in his report.

Appellant's contention that the deceased was an independent contractor and not an employee within the meaning of the Workmen's Compensation Act can not be upheld. The evidence is amply sufficient to sustain the finding of the Industrial Board as to this fact, and such finding is binding upon this court when there is competent evidence to sustain it.

It is also asserted that the evidence does not prove that the accident arose out of and in the course of the employment. It is not disputed that the decedent's work took him from place to place in order to discharge the duties of his employment, nor that he was en route from Benton, Illinois, to North Bergin, New Jersey, pursuant to instruction telephoned to him by his employer, when, by accident, he sustained the injuries resulting in his death. At that time he was obeying orders and acting in furtherance of his employer's interests. Appellant's position that the accident did not arise out of and in the course of the employment is untenable. See, *Matlon* v. *Matlon* (1931), 92 Ind. App. 350, 175 N. E. 369; *American Coal, etc., Co.* v. *Crenshaw* (1921), 77 Ind. App. 644, 133 N. E. 394; *Capitol Paper Co.* v. *Conner* (1924), 81 Ind. App. 545, 144 N. E. 474; *In re Bollman* (1920), 73 Ind. App. 46, 126 N. E. 639; *Bachman* v. *Waterman* (1918), 68 Ind. App. 580, 121 N. E. 8; *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142.

The award is affirmed and increased ten per cent as provided for by statute. Acts 1929, p. 537; Sec. 9506, Burns Supp. 1929.