(No. 22275.—

RABA CLARK, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LUCIEN SULZER, Plaintiff in Error.)

*Opinion filed June 15, 1934.*

JOHN A. BLOOMINGSTON, for plaintiff in error.

HARRIS B. GAINES, EVERETT SIMPSON, and ELIJAH B. KELLEY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause arises on an application for compensation under the Workmen's Compensation act. The arbitrator to whom the application was referred heard evidence and entered an award. On review the Industrial Commission set aside the award on the ground that the injury sustained

by Clark, the defendant in error, did not arise out of his employment. On *certiorari* the circuit court of Cook county set aside the decision of the Industrial Commission and sustained the award by the arbitrator. The cause is here on writ of error granted by this court.

The only question in the case is whether the injury sustained by Clark arose out of his employment. On November 10, 1931, he was employed as night man in the garage of plaintiff in error, Lucien Sulzer, doing business as the Commercial Truck Garage, in the city of Chicago. He had been so employed for about two years. His salary was $30 a week. His duties were to receive cars and trucks for storage, repairing and washing, and to discharge such other duties as arise in a garage of that character. During the night of September 28, 1931, one John LaBarba left a car in plaintiff in error's garage for storage and Clark gave him a claim check therefor. On the next night one Vincent Lowrey entered the garage and began taking parts from the car left by LaBarba. Clark, on learning that Lowrey had no claim check for the car, refused to permit him to take the parts. While they were engaged in a discussion of the matter a police squad car entered the garage and the policemen being informed of the situation arrested Lowrey. It was later learned that the car had been stolen. Some days later Clark, at the direction of his employer, attended a "show-up" at the police station and there identified LaBarba as the man who had brought the stolen car to the garage. Clark on November 10, 1931, testified before the grand jury concerning the charge against LaBarba. That night LaBarba and several other men drove to the garage, and when Clark opened the door forced him at the point of guns to enter their car and they drove away with him. They took him about a mile and a half from the garage and stopped the car. La-Barba said to him, "Why did you put the police on about that car? Why did you have me arrested about that car?

Well you won't get to talk to the grand jury." The men then dragged Clark out of the car, took his knife and a small amount of money which he had, and LaBarba shot him three times. As a result of the injuries so received he is partially paralyzed.

Counsel for plaintiff in error argues that this case does not come within the purview of the Workmen's Compensation act for the reason that it was not an accidental injury which arose out of the employment of Clark but was the result of a private grievance which LaBarba had against him. The rule, often stated by this court, is, that a claim to be within the Compensation act must be based on an injury having its origin in some risk of the employment. An injury not fairly so traceable does not arise out of the employment. Citing this rule and urging its application here, counsel has referred to numerous cases where an employee had been injured by the act of a stranger and in which cases it was held that the injury was not compensable for the reason that it did not arise out of the employment. It is not necessary that the injury forming the basis of the application be one which ought or could have been foreseen or expected, but if it be one which after the event may be seen to have had its origin in the nature of the employment it comes within the intent and purpose of the Workmen's Compensation act. (*Swift & Co.* v. *Industrial Com.* 287 Ill. 564; *Pekin Cooperage Co.* v. *Industrial Com.* 285 id. 31.) In *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 Ill. 126, an employee was injured by another who had formerly been his helper but who quit before his work was completed, necessitating a request on the part of the claimant that further help be given him. In securing such help the applicant necessarily informed the foreman that his helper had quit before the work was finished. This aroused the anger of the helper and he attacked and injured the applicant. It was held that the accident arose out of the em-

ployment for the reason that the giving of the information as to the quitting of the helper was necessarily a part of the duties of the applicant and led to the injury.

In *Combes* v. *Industrial Com.* 352 Ill. 399, numerous cases touching this question are reviewed. In that case a janitor was injured by a shot intended for one of the tenants of the building he was required to watch, and it was held that while the risk of injury was one which could not be foreseen, it could readily be seen to have arisen out of the conditions of his employment. In this case the record shows that stolen cars had been brought into this garage from time to time and Clark was instructed by his employer to coöperate with the police in an endeavor to look out for stolen cars. When he refused to permit Lowrey to remove parts from the automobile he was performing his duty, and when he advised the police of Lowrey's lack of right to remove the parts he was likewise carrying out instructions of his employer to coöperate with the police concerning stolen automobiles. This information led to the apprehension of LaBarba as a suspect in the theft of the car. Defendant in error went to the police station at the request of his employer and there identified LaBarba. This aroused the latter's anger and caused him to injure Clark in the manner stated. It is true in this case as was said in *Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96, the duties of the employee were such as were likely to cause him to have to deal with persons who in the nature of things were liable to attack him. The rule announced in that case was followed in *Mechanics Furniture Co.* v. *Industrial Board,* 281 Ill. 530.

Clark's difficulty with LaBarba did not arise out of any private matter of his own but out of his discharge of the duties which were imposed upon him by his employment to assist in preventing the theft of automobiles. LaBarba's statement at the time he shot Clark strongly indicates that this was the cause of LaBarba's attack upon him. It also

indicates that LaBarba attempted to kill defendant in error to prevent his giving testimony against him. Plaintiff in error says that this was evidence only that LaBarba was attempting to keep Clark from doing his civic duty, and to such hazard anyone called as a witness in a criminal case may be subjected, but it seems clear that such was not the only cause of LaBarba's attack. We are of the opinion that the injury in this case arose out of the employment of defendant in error and that the circuit court was justified in so holding.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*