## ROOT *v.* KEARNS, RECEIVER.

[No. 15,426. Filed October 17, 1935. Rehearing denied January 8, 1936.]

*James H. Adamson* and *Thomas P. Gallagher,* for appellant.

*L. A. Shaner* and *Slaymaker, Merrell & Locke,* for appellee.

DUDINE, C. J.—This is an appeal from an award of the Industrial Board denying compensation to appellant.

The evidence shows that appellant was employed by

appellee as a traveling salesman, to sell products of the William E. Dee Company. Appellant lived in Terre Haute. On October 28, 1933, when appellant had been so employed about a week, he drove to the company's factory at Newport to attend a weekly sales meeting. Before appellant left the factory, appellee Kearns, Receiver, handed him some company letters, and requested appellant to mail them in Terre Haute that evening, in order to obtain quicker mail service. Appellant took the letters and started for home in his automobile, about five-thirty o'clock P. M. His route home took him through Clinton. As he approached a narrow railroad crossing, near Clinton, he was blinded by the lights of an approaching automobile, and appellant, failing to see a turn in the highway at that point, drove off the highway, down an embankment, and against a guy wire, and thus wrecked his automobile and received personal injuries "above and below the right eye and across the temple." He received first-aid treatment from a doctor in Clinton, and proceeded to Terre Haute that evening on the interurban railroad. That night another doctor in Terre Haute treated the eye. On May 1, 1934, about six months later, a doctor examined the eye and found an atrophy of the right optic nerve, and found that appellant was suffering "total industrial blindness" in that eye. The evidence shows that the condition of the eye is permanent.

The Industrial Board found "that plaintiff suffered no disability as the result of an accident arising out of and in the course of his employment with the defendant."

Appellant filed a motion to make the finding more specific, which motion the board overruled.

Appellant assigns as error that the award is contrary to law.

Appellant contends that the evidence, as to the cir-

cumstances under which he received the injury, is undisputed, and therefore the question as to whether or not appellant received an injury by accident arising out of and in the course of his employment is a matter of law.

Appellant's said contention does not cover his case completely, it does not cover the requirement that the "injury" complained of must be shown by the evidence to have resulted from such accident. See *Brenez* v. *Inland Steel Co.* (1929), 90 Ind. App. 279, 168 N. E. 609.

The "injury" for which compensation is prayed in such cases is the alleged disability. It is not sufficient to prove that the applicant suffered an "injury"; the applicant must further prove that the alleged disability *resulted from the accident.*

Appellant testified that neither of the doctors who attended his eye on the day of the accident examined the eye, more than to cleanse the wounds and band'age them. These two doctors were not presented as witnesses. Appellant testified that the bandages were removed about ten days after the accident. There is no evidence in the record that he consulted any other doctor about the eye until six months later.

It can reasonably be inferred from the evidence that appellant did not have his eye examined or treated from the date of the accident until six months later.

We hold that the evidence is not so conclusive as to force the conclusion that the disability complained of resulted from the accident. We may assume that the Industrial Board found that said disability did *not* result from the accident. The evidence and inferences reasonably deducible therefrom sustain such a finding.

In the case of *Empire Health, etc., Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664, the Industrial

Board found that the applicant "received a personal injury by accident 'arising out of and in the course of his employment,' " and this court held that the finding was sufficient in that regard. We can see no material difference between the sufficiency of the finding in this case and the finding in that case. One is as definite as the other. Therefore, on authority of *Empire Health, etc., Ins. Co.* v. *Purcell, supra,* we hold that the Industrial Board did not err in overruling appellant's motion to make the finding more specific. (See also *Matlon* v. *Matlon* [1931], 92 Ind. App. 350, 175 N. E. 369.)

No reversible error having been shown, the award is affirmed.