## Kentucky Fluorspar Co. v. Wolford.

(Decided March 24, 1936.)

472

T. S. WALLER and V. C. McDONALD for appellant.

A. C. MOORE for appellee.

Opinion of the Court by Judge Rees—Affirming.

H. D. Wolford, an employee of the Kentucky Fluorspar Company, was assaulted by a fellow workman and seriously injured. The Workmen's Compensation Board awarded the injured employee $3 per week for 268 weeks, and the Crittenden circuit court affirmed the award. On this appeal from that judgment, the company insists that Wolford's injury did not result from an accident arising out of his employment, and therefore is not compensable under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.).

On July 20, 1933, Coley Conger, appellant's "mill boss," attacked appellee with a knife while the latter was at work on appellant's premises and inflicted serious wounds which, according to the finding of the Workmen's Compensation Board, caused a 20 per cent. permanent partial disability. Whether or not there was any evidence to sustain the board's finding that appellee's injury resulted from an accident arising out of his employment is the only question presented.

About eighteen months before the assault was committed, appellee was directed by appellant's superintendent to supervise the removal of some concrete foundation work, and while the work was in progress Conger intimated that it was not being done in the proper manner. Wolford suggested to Conger that he take over the work and do it in a manner to suit himself, but he declined. However, he became angry, and from that time on, as Wolford expressed it, "he was sore." Wolford also testified that Conger from time to time accused him of "carrying tales to Mr. Roberts." George Roberts was appellant's manager, or superintendent, in charge of the mill. About two months before he received his injury, Wolford was moving into a new home, and Roberts directed Conger to assist him. Conger refused. Frank Conger, a son of Coley Conger, was employed by appellant, and on

the morning of July 20, 1933, complaint was made to Roberts of the manner in which the machinery was being operated where Frank Conger was stationed. Roberts directed Coley Conger to have his son, Frank Conger, replaced by another man. Coley Conger believed that appellee had made the complaint to Roberts and it seems that this enraged him. Immediately after carrying out Roberts' orders, he went to the engine room where appellee was working and attacked him with a knife.

These facts show there was a causal connection between the employment and the injury. The proximate cause of the assault by Conger on appellee was the removal of his son from his place of work and his belief that appellee was responsible for it. The fact that appellee had nothing to do with the removal is not material. Where an employee is assaulted and injury is inflicted upon him through personal animosity arising over some cause wholly disconnected with the employer's business, no recovery can be had even though he is assaulted when in the discharge of his duties. This rule is exemplified by January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117, cited and relied upon by appellant. On the other hand, if an employee is injured by a fellow workman in an altercation connected with the employment, the injury results from an accident arising out of the employment and he is entitled to compensation. Hansen v. Frankfort Chair Co., 249 Ky. 194, 60 S. W. (2d) 349. In Chicago, R. I. & P. Ry. Co. v. Industrial Commission, 288 Ill. 126, 123 N. E. 278, 280, 10 A. L. R. 1170, a boiler washer's helper quit and the boiler washer applied to the foreman for another assistant. This angered the first helper who, in an ensuing quarrel, shot the boiler washer. It was held that the injury resulted from an accident arising out of the employment, and in the course of the opinion it was said:

"There was a causal connection between the conditions under which Kraujalis was required to perform his work and the injury. It cannot be said that the proof does not tend to show that the shooting of Kraujalis was caused by his report to the foreman that Hunt had quit work. This the nature of his work required him to do, as he was

obliged to ask the foreman for another helper. He was acting entirely in the line of his duties, and this brought upon him the murderous assault by Hunt with a gun. That such an attack is an unusual and extraordinary result makes it none the less an incident of the employment. There is no dispute that Kraujalis was shot in the course of his employment, and we cannot say the Industrial Commission and the circuit court erred in finding the injury arose out of the employment, and this conclusion is sustained, in principle, by Trim School District v. Kelly, 7 B. W. C. C. 274, where the teacher was assaulted and killed by bad and unruly pupils. Polar Ice & Fuel Co. v. Mulray, 67 Ind. App. 270, 119 N. E. 149; In re Heitz [v. Ruppert] 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344.''

The rule deducible from these and other cases that might be cited is that compensation will be granted for injuries due to an assault by a fellow employee where they are fairly traceable to an incident of the employment, and will be denied where they are the result of personal grievances unconnected in any way with the employment. In the present case, appellee was injured while engaged in the performance of his duties, and the assault resulted from an altercation connected with, or pertaining to, the employment. Even if it be conceded that a state of ill feeling existed between appellee and his assailant for several months and that the result was a culmination of the various altercations, still it resulted from a controversy pertaining to the employment. The first quarrel was over the manner in which certain work should be done, and each succeeding quarrel was connected with the employment.

The evidence was sufficient to sustain the award, and the judgment is affirmed.