## Louisville Public Warehouse v. Marcell et al.

### (Decided June 21, 1938.)

CRAWFORD, MIDDLETON, MILNER & SEELBACH and HUBERT T. WILLIS for appellant.

SHACKELFORD MILLER, JR., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This is an appeal from a judgment confirming an award by the Workmen's Compensation Board.

Jacob H. Marcell was employed as a night watchman by the appellant at its several warehouses. Soon after two o'clock on the morning of November 30, 1934, Marcell was murdered while on duty. His body, with his head crushed with a blunt instrument, was found just inside the door of a tobacco warehouse. There were

streaks of blood outside the door and on it. The door had been closed and the padlock locked with the key. An overcoat containing the keys of the warehouse was found about 150 feet away on a railroad siding. The watchman's pistol had been taken. He had fifteen cents in his pocket, but neither it nor his watch, which was of little value, was taken. Strangely, his eyeglasses were not found.

During the previous afternoon and again shortly before midnight, George Wilson, a negro living in the community, had tried to borrow a shotgun. About 4:30 o'clock that morning Wilson went to the home of his wife's mother where she was staying, shot at his wife and her sister and killed her mother. The bullets were fired by a .38 Smith & Wesson Pistol, which was the caliber and make of the one Marcell had carried. A hatchet with fresh blood on it was found at the negro's home. The overcoat found on appellant's premises with the watchman's keys in a pocket was identified as belonging to Wilson. He escaped and was never apprehended.

Two or three weeks before these tragedies, Marcell had seen Wilson in a fight with his wife. It is indicated by the questions asked on the hearing before the Referee that Marcell was expected to appear as a witness against Wilson in court the next day after he was killed, but the witnesses asked were not in position to know, and so stated. There is no intimation of the negro's purpose to dispose of Marcell on account of his having seen him assault his wife.

It is conceded that the night watchman was murdered by Wilson, and it cannot be questioned that his death was caused by an injury received in the course of his employment. The question is whether it arose out of the employment within the meaning of the Compensation Act. Section 4880, Kentucky Statutes. The appellant's theory is that Marcell was killed for two reasons: First, to steal his pistol; and, second, to prevent his appearing as a witness against Wilson. We think the Board rightly disregarded the second theory if for no other reason than it was not proved. But whether so or not, if there was another reason which would bring the case within the operation of the statute, it is sufficient to authorize the award of compensation.

It is well settled that an injury sustained by an

employee as the result of a wilful or criminal assault by a third person is accidental within the meaning of the Workmen's Compensation Act. Reliance Coal & Coke Company v. Smith, 206 Ky. 320, 266 S. W. 1094; Wilson Berger Coal Company v. Metcalf, 231 Ky. 93, 21 S. W. (2d) 112; Blue Diamond Coal Company v. Sizemore, 254 Ky. 102, 71 S. W. (2d) 11; Kentucky Fluorspar Company v. Wolford, 263 Ky. 471, 92 S. W. (2d) 753. There are many cases to this effect in the annotations of 15 A. L. R. 588.

If the assault embraced any element of interference with or molestation of the employer's property or interests, or the employee's agency, or if it was the direct and natural result of a risk reasonably incident to the employment in which the employee was engaged, or, as sometimes expressed, there was a causal connection between the employment and the injury, it is regarded as being both within the scope of the employment and in the course thereof, and therefore compensable. But if the assault was solely personal or motivated by individual animosity or desire, the Workmen's Compensation Act is not applicable. Thus in January-Wood Company v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117, a night watchman, on duty, was killed by a man who coveted his wife. We held the employer not liable for compensation to its employee's dependents. Of like character is Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S. W. (2d) 611. See also Porter v. Stoll Oil Refining Company, 242 Ky. 392, 46 S. W. (2d) 510.

Though the pistol taken from the watchman was his personal property, he was carrying it in order to protect his employer's property. The Compensation Board reasoned that the purpose for which he had it or the use being made of it was the controlling factor. The ownership made no difference. Acceding to the employer's argument that the motive of the assault was to obtain possession of the pistol in order that the assailant might kill his wife and her family, the Board expressed the opinion that, "It is a reasonable certainty that had this night watchman not been on duty for the defendant company that night with the pistol in his possession, guarding the property of the defendant, he would not have met his tragic death."

But the decision was not based upon that ground alone. There was evidence tending to show a purpose

to rob the premises and it may have been accomplished. The keys giving access to the several warehouses were taken, and it could be reasonably inferred that the primary motive for the assault was to gain entrance into the buildings, and the taking of the pistol was for the self-defense of the culprit. However, the purpose for which the weapon was taken does not seem important. Nor does the fact that the keys were left on the premises seem to be significant, for their possession would have been incriminating. Some employees of the company testified they had no knowledge of anything having been taken from the particular warehouse in which the body of the watchman was found, but they admitted no inventory of the property stored there or in any of the other warehouses had been made to determine that fact definitely.

Direct evidence that an employee came to his death in such a manner or by a cause entitling claimants to compensation does not have to be produced. It is sufficient if the evidence is such as will reasonably sustain an inference or raise a presumption to support it. Codell Construction Company v. Neal, 258 Ky. 603, 80 S. W. (2d) 530, and cases cited therein.

We are of opinion, therefore, that the finding of the Compensation Board and the judgment of the circuit court are sustained by both reason and authority. Many analogous cases are digested in the annotations in 6 A. L. R. 578; 13 A. L. R. 512; 15 A. L. R. 588; 21 A. L. R. 758; 29 A. L. R. 537. Particular reference may be made to Hellman v. Manning Sand Paper Company, 176 App. Div. 127, 162 N. Y. S. 335; Id., 221 N. Y. 492, 116 N. E. 1051; Western Metal Supply Company v. Pillsbury, 172 Cal. 407, 156 P. 491, Ann. Cas. 1917E, 390; Mechanics' Furniture Company v. Industrial Board, 281 Ill. 530, 117 N. E. 986; Ohio Building Safety Vault Company v. Industrial Board, 277 Ill. 96, 115 N. E. 149, 14 N. C. C. A. 224; Vivier v. Lumbermen's Indemnity Exchange, Tex. Com. App., 250 S. W. 417; Munro v. Williams, 94 Conn. 377, 109 A. 129, 13 A. L. R. 508; Smith v. Kaw Boiler Works Company, 104 Kan. 591, 180 P. 259; Pinkerton National Detective Agency v. Walker, 157 Ga. 548, 122 S. E. 202, 35 A. L. R. 557.

The judgment is affirmed.