**TRAVIS CREEK FUEL COMPANY,**
Appellant,

v.

**Edna MAGGARD et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

James Sampson, William A. Rice, Harlan, for appellant.

Roy W. House, Manchester, for appellees.

CLAY, Commissioner.

This workman's compensation case presents the question of whether or not the employee's death arose out of his employment. He was shot and killed by a third party while operating a truck on his employer's business. The Board awarded compensation to his widow and this award was upheld by the circuit court.

The deceased, Dewey Maggard, was employed as a coal truck driver by appellant, Travis Creek Fuel Company. While cleaning out the fuel line of his truck he discovered sugar in the gas tank. He suspected one Heffner, a representative of the lessor of the mine from which coal was being hauled. Maggard reported the incident to his employer's manager and at the manager's request procured a warrant for Heffner's arrest.

On the morning the charge against Heffner was to be heard, Maggard loaded his truck at the tipple where Heffner worked and started on his way to attend Heffner's trial. Heffner got in his car and followed Maggard's truck. A short time later Maggard was found dead as a result of a shotgun wound in the head.

There was abundant evidence to establish that Heffner killed Maggard. Clearly this unfortunate event occurred *in the course of* Maggard's employment. It is appellant's contention that the claimant failed to sustain the burden of proving that the death *arose out of* such employment. We think the governing principle in the cases of assaults by a fellow employee is applicable here. The rule is that if the assault is fairly traceable to an incident of the employment and is not the result of personal grievances unconnected therewith, compensation should be allowed. Kentucky Fluorspar Co. v. Wolford, 263 Ky. 471, 92 S.W.2d 753; and Henry Vogt Machine Co. v. Chamberlain, Ky., 279 S.W.2d 224, 229.

There was no showing that there was any prior personal animosity between Maggard and Heffner. The evidence establishes that Heffner bore ill will toward Maggard's employer and a fair inference from the evidence is that this ill will was transferred to Maggard when he swore out the warrant. In prosecuting Heffner, Maggard was acting to protect his employer's property and the charge against Heffner certainly arose out of an incident of Maggard's employment. Through a consistent sequence of events, the death of Maggard is clearly traceable to, and likewise arose out of that employment.

The case is quite similar to that of Clark v. Industrial Commission, 356 Ill. 641, 191 N.E. 209, where an employee, a night garage attendant, had identified at the police station a person who had brought a stolen car to the garage. Subsequently the employee was shot by the accused person to prevent him from giving testimony before the grand jury. An award of compensation was upheld.

We are of the opinion there was substantial evidence in this case to support the Board's finding that the employee's death arose out of his employment.

The judgment is affirmed.