## In re Harraden.

[No. 10,087.    Filed December 20, 1917.]

.1. Master and Servant.—*Workmen's Compensation Act.—Right to Compensation.—Injury Arising Out of Employment.*—Where an insurance agent was injured as a result of slipping on an icy sidewalk while proceeding from his train to the hotel in a town to which his employer had sent him to transact business for the company, the injury was one arising out of his employment within the terms of the Workmen's Compensation Act (Acts 1915 p. 392).    p. 310.

2. Master and Servant.—*Workmen's Compensation Act.—Injury Arising Out of and in Course of Employment.—Question of Fact.— Proximate Cause.*—Where an employe receives an injury as a result of weather conditions, it is ordinarily a question of fact whether the employment of the injured person was a contributing proximate cause of the injury.    p. 311.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Charles Harraden. Certified question of law by the Industrial Board. *Question answered.*

Felt, J.—The Industrial Board of this state has submitted a statement of facts on which it has certified a question of law in substance as follows:

### Statement of Facts.

The Columbia Insurance Company is a duly organized corporation under the laws of the State of Indiana and prior to March 19, 1917, had been duly authorized to transact the business of fire insurance in the States of Ohio and Michigan; that on and prior to March 20, 1917, Charles H. Harraden was employed by said insurance company at the monthly

salary of $175, and was under the control of the home office of said company which was located in the city of Indianapolis; that Harraden was agent of said company for the states of Ohio and Michigan and the duties of his employment required him to visit agencies of the company in said states, to adjust losses and transact other business for the company; that said company had duly complied with §68 of the Indiana Workmen's Compensation Act, Acts 1915 p. 392, and it is conceded that the company and Harraden were subject to the provisions thereof at the time of the occurrence hereinafter stated:

"That on the 19th day of March, 1917, said Charles H. Harraden was in Detroit, Mich.; that on said date he was instructed by the home office of said insurance company to proceed to Boyne City, Michigan, to adjust a loss covered by a policy of said company and to transfer its agency. That in response to said telegram the said Charles H. Harraden did proceed to Boyne City, Michigan; that he arrived at Boyne City on the evening of March 20th after dark, by rail; that at said time the streets and sidewalks of Boyne City, Michigan, were covered with snow and ice; that upon alighting from the train at the railroad station at Boyne City, the said Charles H. Harraden, in company with other traveling men, started to walk from the railroad station upon the sidewalk to the hotel; that the sidewalk over which the said Charles H. Harraden and other traveling men were walking was covered with ice; that while in the act of walking from the railroad station to the hotel the said Charles H. Harraden slipped upon the ice upon the sidewalk and fell, and in falling received a compound fracture of the upper third of the femur of the leg; that as a result of said injury said Charles H.

Harraden has been totally disabled for work of any character continuously since the 20th day of March, 1917, and is now so disabled, and may result in a permanent partial impairment of his ability to work.

"That the insurance company did not provide the said Charles H. Harraden with an attending physician and with the necessary hospital and surgical services and supplies during the first thirty days after the injury; that provision therefor was made by the said Charles H. Harraden, himself, and he thereby incurred an expense of $250.00 for surgeon's fees and supplies and $350.00 for hospital services and supplies.

"That the said Charles H. Harraden makes claim for compensation and for the approval of his physician and hospital expenses.

"It is conceded by the insurance company that the accident of said Charles H. Harraden occurred in the course of his employment and that he would be entitled to an award of compensation and the approval of his expenses for physician and hospital service, except that it claims that the accident resulting in his injury did not arise out of his employment."

Certified Question of Law.

"Did the accident, resulting in the injury to Charles H. Harraden, described in the foregoing statement of facts, arise out of his employment with the Columbia Insurance Company?"

The insurance company contends that the risk of falling on the icy sidewalk did not arise out of and in the course of Harraden's employment within the contemplation or meaning of the Indiana Workmen's Compensation Act, *supra;* that such risk was one to which the general public was equally exposed with

Harraden, was not peculiar to his employment, and did not arise out of his employment, though his injury may have been received while he was on duty in the course of his employment.

Harraden contends that his claim is for ''an injury by accident arising out of and in the course of his employment'' by the insurance company, and that he is entitled to the benefits prescribed by the act aforesaid; that his said employment was the proximate cause of his injury; that the hazard which resulted in the accident which caused his injury was peculiar to his employment, and but for such employment he would not have suffered the injury at the time and place indicated; that when so injured he was performing the duties of his employment at the time and place directed by his employer.

Section 2 of the act, *supra,* in question provides for ''compensation for personal injury or death by accident arising out of and in the course of the employment.'' See also §76d. Section 20 provides for compensation ''whether injury by accident or death resulting from such injury occurs in the state or in some other state or in a foreign country.''

The precise question presented is new in this state, though, as applied to certain facts, this court has given interpretation to the language of the statute, which authorizes compensation for ''an injury by accident arising out of and in the course of his employment.'' *Union Sanitary Mfg. Co.* v. *Davis* (1916), 64 Ind. App. 227, 115 N. E. 676; *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324. In the cases just cited the court recognizes the general rule adopted by the courts of Massachusetts and other states in dealing with statutes similar to ours.

This general rule is stated by the Supreme Court

of Massachusetts in *McNicol's Case* (1913), 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A 306, as follows: "It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

The statute imposes two conditions, both of which the claimant is required to satisfy before he is entitled to compensation, viz., the injury must *arise out of,* and *in the course of,* the employment. The cases present a variety of conditions which have been held to meet the requirements of the statute. *Hop-*

*kins* v. *Michigan Sugar Co.* (1915), 184 Mich. 87, 150 N. W. 325, L. R. A. 1916A 310; *Fitzgerald* v. *Clarke &. Son* (1908), 99 L. T. 101, 1 B. W. C. C. 197; 1 Honnold, Workmen's Compensation §§101-105; *Rayner* v. *Sligh Furniture Co.* (1914), 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A 22-40, and notes, Ann. Cas. 1916A 386; C. J. Treatise Workmen's Compensation Acts §67 and notes; *Pigeon's Case* (1913), 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915A 737, 4 N. C. C. A. 516; *Martin* v. *John Lovibond & Sons* (1914), 5 N. C. C. A. 985, 7 B. W. C. C. 243; *Pierce* v. *Provident Clothing, etc., Co.* (1911), 4 B. W. C. C. 242; *M'Neice* v. *Singer Sewing Machine Co.* (1910), 4 B. W. C. C. 351.

The decisions of the courts of England and the courts of several of our states where the question has arisen announce the rule that the facts in any given case must show that the injury arose out of the employment and was a risk reasonably incident thereto, as distinguished from risks to which the general public is exposed. 1 Honnold, Workmen's Compensation 119 and notes; *Blakey* v. *Robson, etc., Co.* S. C. (1912), Ct. Sess. Cas. 334; *Rodger* v. *Paisley School Board* (1912), Ct. Sess. Cas. 584; *Kitchenham* v. *S. S. "Johannesburg"* (1911), 4 B. W. C. C. 311; *Amys* v. *Barton* (1911), 5 B. W. C. C. 117; *Craig* v. *S. S. "Calabria"* (1914), 7 B. W. C. C. 932; *Bryant, Admx.,* v. *Fissell* (1913), 84 N. J. Law 72, 86 Atl. 458; *Milliken's Case* (1914), 216 Mass. 293, 103 N. E. 898, L. R. A. 1916A 337; *Milwaukee* v. *Althoff* (1914), 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A 327.

Injuries resulting from exposure to conditions due to the weather or natural elements, such as heat, cold, ice, snow, or lightning, are generally classed as risks to which the general public is exposed, and as not coming within the purview of workmen's com-

pensation acts, though the injured person, at the time he receives his injury, may have been discharging duties incident to and in the course of his employment.

While recognizing the general rule above stated, there are many cases which the courts hold are not governed by it, or that they are controlled by well-recognized exceptions to such general rule. Where the employment of the injured person requires him to be at the place where his injury is received, and he is in fact at such place in pursuance of the discharge of the duties of his employment, the risk thereby encountered is held to be incident to such employment, though the injury may have resulted from conditions produced by the weather to which persons generally in that locality were exposed. Where the duties of the employe require him to travel and visit different places in order that he may discharge the duties of his employment, his place of work is thereby enlarged or extended to include all the places to which such employe necessarily goes in discharging the duties of his employment. While the conditions produced by the weather may in a sense affect all alike in the particular vicinity, yet the fact remains that a person so employed is much more exposed to such hazards than the public generally because of the duties enjoined upon him by his employment and the place or places to which he must necessarily go in the discharge of such duties. L. R. A. 1917D 114, and notes; *White* v. *W. & T. Avery* (1915), 53 Scot. L. R. 122; *Larke* v. *Hancock Mutual Life Ins. Co.* (1916), 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E 584; *Hopkins* v. *Michigan Sugar Co., supra; Warner* v. *Couchman* (1910), 4 B. W. C. C. 32, 39; *Andrew* v. *Failsworth Industrial Society*

(1904), 2 K. B. 32, 6 W. C. C. 11; *Davies* v. *Gillespie* (1911), 5 B. W. C. C. 64; *McManaman's Case* (1916), 224 Mass. 554, 113 N. E. 287; *Hoenig* v. *Industrial Commission* (1915), 159 Wis. 646, 150 N. W. 996, L. R. A. 1916A 339; *State, ex rel.* v. *District Court* (1915), 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A 344; *Klawinski* v. *Lake Shore, etc., R. Co.* (1915), 185 Mich. 643, 152 N. W. 213, L. R. A. 1916A 342; *Rayner* v. *Sligh Furniture Co., supra; Foley* v. *Home Rubber Co.* (1916), 89 N. J. Law 474, 99 Atl. 624.

In *Hopkins* v. *Michigan Sugar Co., supra,* the Supreme Court considered a case growing out of an injury caused by a fall on a slippery street by one employed to supervise his employer's plants, located in different cities. He fell while going from the sidewalk on the street to board a street car to return to his home in the evening after he had returned from a tour of inspection.

The court held in substance that the injury was not one arising out of his employment within the meaning of the statute; that there was no causal connection between the accident causing the injury and his employment; that the act excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the employe would have been equally exposed apart from his employment; that there must be some causal connection between the injury and the employment to entitle the injured employe to the benefits of the act.

In *Larke* v. *Hancock Mutual Life Ins. Co., supra,* the Supreme Court of Connecticut considered a case where frostbite caused a lesion in the skin of the nose, through which erysipelas was contracted, which

caused death. The business of the employe was to solicit insurance and collect premiums. He was required to make long rides regardless of the conditions of the weather. The court held that the injury arose out of the employment within the meaning of the act, and said: "The term 'arising out of' in this act points to the origin or cause of the injury. *Fitzgerald* v. *Clarke & Son, L. R.* (1908), 2 K. B. Div. 796, 799. It presupposes a causal connection between the employment and the injury. Speaking generally, an injury 'arises out of' an employment when it occurs in the course of the employment and as a proximate cause of it. An injury which is a natural and necessary incident or consequence of the employment, though not foreseen or expected, arises out of it. *McNicol's Case,* 215 Mass. 497, 102 N. E. 697; *Bryant* v. *Fissell,* 84 N. J. L. 72, 86 Atl. 458. If the nature of the employment, or the conditions under which it was pursued, or the exposure to injury it entails, or the doing of something incidental to the employment, was a proximate cause of the injury, it arises out of the employment. An injury of this description is one of the risks of the employment; for it is due to it and arises from it, either directly or as incident to it, or to the conditions and exposure surrounding it. And the proximate cause of the injury is not necessarily that which immediately arises out of the employment, but may be that which is reasonably incidental to it. *Sponatski's Case,* 220 Mass. 526, 108 N. E. 466.

"The conditions of employment which expose the employe to an injury which arises out of the employment are such as are peculiar to this employment, and not such exposures as the ordinary person is subjected to. It is therefore immaterial where the expo-

sure originates, whether from the employment, or outside of it. In the one case the conditions of dan-. ger from the conduct of the employment cause it; in the other the conditions of danger which arise outside the employment but are peculiar to it cause it. *Amys* v. *Barton*, 105 Law Times Rep. 619; *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368. But if the injury results to an employe from the doing of something which the employment neither required nor expected, or in a place where his employment should not take him, it cannot be said to arise out of the employment. Unless the conditions under which Larke pursued his employment exposed him to the danger of frostbite and this exposure was peculiar to his employment and not shared by the ordinary person, no causal connection between the frostbite and the employment can be found. If the employment brings with it no greater exposure to injurious results from natural causes, and neither contributes to produce these nor to aggravate their effect, as from lightning, or severe heat or cold, than those to which persons generally in that locality, whether so employed or not, are equally exposed, there is no causal connection between the employment and the injury; but where the 'employment brings with it greater exposure and injury results,' the injury does arise out of the employment.''

We find decisions holding that injuries caused by lightning, by heat, and by cold, do not arise out of the employment, and others holding the contrary view, on the theory that there was something in the employment or manner or place in which or where the work was to be done which exposed the employe to greater danger from such agencies than that encountered by the general public in the particular

vicinity. In the note to *Rayner* v. *Sligh Furniture Co.,*
*supra,* (L. R. A. 1916A 43), it is said that: "Whether
injuries caused by the weather or climatic conditions
arise out of the employment is a question which has
frequently been before the court, and the decisions
are not entirely harmonious. Where the character
of the work renders the workman particularly sub-
ject to the injury in question, it is usually held that
it arises out of the employment."

In volume 53 of Scottish Law Reporter, 122 *et
seq., supra,* we find an extended discussion of the
subject by different Lords of the First Division of
the Court of Session. Among other things Lord
Skerrington said (p. 124): "In my opinion how-
ever, it is enough to entitle a workman to compensa-
tion if he can say that on the occasion when he was
injured by a peril of the street his duty to his em-
ployer took him to that street, though the occasion
may have been of a rare and exceptional character."
Lord Mackenzie said (p. 127): "A risk incidental
to the employment may also be a risk common to the
public. That a risk common to the public should be
a risk incidental to the employment the employee
must be exceptionally exposed by his employment to
the common risk." The Lord President of the court
said (p. 128): "The arbitrator, who is final on ques-
tions of fact, has found here as a matter of fact that
the appellant in pursuance of his duty had to walk
from Forestmill to Kennet on the day that the acci-
dent befell him. The day was frosty; the road was
slippery. * * *

"It is common ground that the accident arose in
the course of the appellant's employment. The ques-
tion for our decision is whether it arose out of his
employment. Now the learned arbitrator came to

the conclusion that it did not, because the risk which the appellant ran in walking upon the slippery road was not a risk to which he was exposed by the nature of his occupation, but was simply an ordinary risk to which every pedestrian was exposed.

"In my view that is an unsound statement of the law, for the risk on that road at that particular time appears to me to have been a risk incidental to the man's employment. And it was not the less a risk incidental to the man's employment because every pedestrian on that road at that time would have required to face it, or because the appellant was facing it for the first and, it may be, the only time. * * *

"The principle which, it appears to me, lies at the root of these decisions, and which distinguishes them and marks them out from other cases more or less germane to this chapter of law, was never better stated than in the passage from Lord Kinnear's opinion in the case of *M'Neice*, which I venture once more to quote, where he says, 'According to the statement, the man had certainly, in the course of his employment to traverse this particular road for his employers' purposes, and therefore the dangers and risks of that particular road at the time and on the occasion in question are, to my mind, incidental to the employment.' And I think when Lord Kinnear said that he was stating the law with fulness and accuracy. And quite obviously, I think, his statement would not have been in any way affected—is not in any way affected—by the consideration that other pedestrians might have to face that particular risk if they were on the road at the time, or that the workman was on the road for the first and, it my be, the only time."

In the case at bar, the duties of the employe

required him to visit towns and cities at a consider-
able distance from the home office without
1.    regard to conditions of the weather. The
localities to which he was sent in the dis-
charge of the duties of his employment constituted
the place or places in which he was required to work.
By reason of his employment he was at the place
where he was injured. He was where his employ-
ment took him and the hazard of the icy street was
incidental to such employment. This proposition is
not changed by the fact that the public generally in
that vicinity was exposed to the hazards of the icy
street. The facts show that Harraden's employment
exposed him to increased hazards generally among
which was the one which caused his injury. The
admitted facts compel the inference that the injury
of Harraden resulted from conditions produced by
the weather, and likewise because he was in the par-
ticular locality at the time in question. The latter
fact is due to his employment. The facts admit of no
other inference but that for his employment he would
not have been in that locality at the time of his injury.
His employment was therefore a contributing proxi-
mate cause of his injury. By reason of it he was
exposed to a hazard which in all reasonable proba-
bility he would not otherwise have encountered. The
work he was employed to do required travel and
made him particularly subject to hazards to an
extent far greater than like hazards encountered by
the general public. Such being the case, the facts not
only warrant the conclusion that the injury of Har-
raden was received in the course of his employment,
but they likewise compel the inference that his
injury arose out of his employment within the spirit,

purpose, and meaning of the Workmen's Compensation Act, *supra.*

The facts on which the question presented is based invoke the application not only of the principles applied in cases of accident due wholly to conditions produced by the weather, but likewise invoke the principles applied to accidents causing injuries to persons whose employment require them to go upon public streets or into like places of danger.

The distinction is made on the ground that by virtue of the employment such injured persons were more exposed to such hazards than other persons generally upon such streets or in such places, and likewise because but for such employment, in all reasonable probability, the injuries would not have been received. *Pierce* v. *Provident Clothing, etc., Co., supra; M'Neice* v. *Singer Sewing Machine Co., supra; Martin* v. *John Lovibond & Sons, supra; Pigeon's Case, supra; Larke* v. *Hancock Mutual Life Ins. Co., supra; Rayner* v. *Sligh Furniture Co., supra.*

When one so situated and employed as Harraden receives an injury, caused by conditions produced by the weather, it is ordinarily a question of fact to be determined from the evidence in each case as to whether the employment of the injured person was or was not a contributing proximate cause of the injury. But in this case every fact is admitted to bring the case within the provisions of the Workmen's Compensation Act, *supra,* except the fact that the injury arose out of the employment. As already indicated, the facts submitted admit of but a single inference on the subject, viz., that the injury of Harraden arose out of his employment.

We therefore answer the question submitted by the Industrial Board in the affirmative.

Illinois, etc., R. Co. *v.* Hawkins, Admx.—66 Ind. App. 312.

Batman, P. J., Hottel, Caldwell and Dausman, JJ., concur.

Ibach, C. J., doubts.

NOTE.—Reported in 118 N. E. 142.   See note *ante* 261.