## MILLER ET AL. *v.* BEIL ET AL.

[No. 10,759. Filed January 28, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Sufficiency of Evidence.*— Where an epileptic, employed to haul water in a tank on which he had to stand near an opening in the top thereof while filling it, was found drowned in the partially filled tank, and there was no direct evidence that he fell in the tank as a result of an epileptic fit, it does not necessarily follow that the employe fell in the tank as a result of epilepsy. p. 14.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Questions of Fact.—Accident Arising Out of Employment.*— Whether or not the death of an employe was the result of an accident arising out of his employment is a question of fact for the Industrial Board. p. 15.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Frank J. Beil and another against Jacob Miller and another. From an award for applicants, the defendants appeal. *Affirmed.*

*Turner, Merrill & Locke,* for appellants.
*O. E. Brumbaugh,* for appellees.

REMY, J.—Appellants were in the business of threshing wheat and other grain. Steam power was used, and appellants had in their employ at the time one Carl Beil, whose duty it was to haul water from a nearby reservoir in a water tank drawn by horses. The water tank was made of wood, and was seven and one-half feet long, three feet wide, and twenty-eight inches deep, with an opening in the top twenty-three inches square. By the side of the opening, and fastened to the top of the tank, was a pump. When the tank was being filled, the water was pumped through a hose which connected the pump with the reservoir. In operating the pump it was necessary for Beil to stand on the top of the tank near the

opening.   On the morning of July 12, 1919, and a short time after Beil in the course of his employment had gone to get water, the tank, partially filled with water, was found at the reservoir; and in the tank was the lifeless body of Beil.   The employe who thus lost his life was subject to epilepsy.

Appellees, who were the dependents of Beil, made application to the Industrial Board for compensation, and, upon hearing the evidence showing the above facts, the board found that said employe died as the result of an injury received by him by reason of an accident arising out of and in the course of his employment, and made an award.

Appellants have assigned as error that the findings and award are not sustained by sufficient evidence, and are contrary to law.   It is urged by appellants 1. that there is no evidence to show that the death of the employe was the result of an injury arising out of his employment; but that "from all the evidence in the case it appears conclusively that the death was the result of a disease to which deceased was subject;" and that, under clause (d) of §76 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the dependents are not entitled to compensation.

There is no direct evidence that appellees' decedent fell in the tank as a result of an epileptic fit, and we cannot say that the Industrial Board found that appellees' decedent, at the time of his death, fell as a result of the disease of epilepsy.   There is authority, however, which would support the award even if the board had so found.   *Carroll* v. *What Cheer Stables Co.* (1916), 38 R. I. 421, 96 Atl. 208, L. R. A. 1916D 154; *Wicks* v. *Dowell & Co.* (1905), 2 K. B. 225, 2 Ann. Cas. 732; *Vulcan Detinning Co.* v. *Industrial Commission* (1920), 295 Ill. 141, 128 N. E. 917.   The theory of the court

in each of these decisions is that an epileptic fit might not have caused injury or death, except for the fact that the work of the employe required him, at the time, to be at the particular place where he fell.   It is stated by the court in the Wicks case, above cited, that "the accident none the less arises out of his employment because its remote cause is to be found in his own (employe's) physical condition."

The question as to whether or not the death of the employe was the result of an accident arising out of his employment was a question of fact for the Indus-

2. trial Board.   *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703.   There was some evidence to support the finding.   Judgment affirmed.