TERRE HAUTE MALLEABLE AND MANUFACTURING COMPANY v. WEHRLE.

[No. 11,183. Filed November 18, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Personal Injury by Accident.—Hernia.*—A workman who, while doing his work, which required the lifting of heavy objects, in the natural, normal and usual way, sustained an inguinal hernia, *held* to have sustained "a personal injury by accident" within the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918); such injury being deemed accidental. p. 657.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Employer's Knowledge of Injury.—Evidence.—Sufficiency.*—Where an employe, who sustained a hernia, told his foreman about the severity and location of the pain immediately after the accident, and was sent by the foreman to the nurse, who sent him to the company's surgeon, the Industrial Board was warranted in finding that the employer had personal knowledge of the injury at the time it was sustained. p. 658.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William Wehrle against the Terre Haute Malleable and Manufacturing Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Frederick K. Warne* and *Joseph W. Hutchinson,* for appellant.

(Note. No attorneys for appellee.)

DAUSMAN, J.—Two contentions are presented by the appellant: (1) That there is no evidence to support the finding that the employe received a personal injury by an accident; and (2) that the employer had personal knowledge of the injury at the time the injury was received.

The first contention is based on the proposition that to bring a case within the statute two separate and distinct things must exist, viz: an accident and an injury —the accident being the cause and the injury the re-

sult. Counsel insist that these two things must not be confused. The record discloses that the injury for which compensation was allowed is inguinal hernia. The workman's testimony, which stands uncontradicted, discloses the nature of his work and the manner in which it was performed, and the cause of his injury. He testified as follows:

"My job was to see that the cores were sent out to the molders and to carry them from the bench in the core room out to the rack in the stock room. Some cores are light and some are awful heavy. I should judge some weigh as high as 90 pounds. Some cores are on a board. There is a core that weighs 30 pounds on a board, and there is a core that weighs from 60 to 72 pounds on a board. I was lifting these boards when I was injured. I had to take them off the rack, lift them up, raise them across, get the board and raise it up and put it on the truck. Sometimes I would put four or six boards on the truck, wheel them out to the store room, and then put them in their places. Some went in racks and some on the floor. In lifting them off the truck I had to let the board go down on the ground, then straddle out and lift them up easy, so as not to shake the board. When I was lifting those heavy cores I felt something go wrong. I had an awful pain in the right groin."

When taken literally the statute seems to sustain counsels' contention. Literally it seems to indicate that there must be an accident external to the body

1. of the workman—a mishap in the environment— which results in an injury to his body. In the case at bar there was no external accident, no mishap in the environment. The workman was doing his work in the natural, normal, and regular way. He was doing his work exactly as he intended to do it. But the injury

was accidental. It was not expected, anticipated, foreseen, designed or intended. It is so well settled as no longer to admit of argument that in cases like the one at bar, where the injury results from muscular strain and exertion, the workman is entitled to compensation. To include cases of that character, the courts regard the words of the statute "personal injury by accident" as equivalent to the words "accidental injury." For this class of cases, the idea of an external accident is thereby eliminated. See *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709.

As to the second contention, it is sufficient to say that the uncontradicted evidence is that the injured employe, immediately after receiving the injury, told his foreman about the severity and location of the pain from which he was suffering; that thereupon the foreman sent him to the nurse; and that the nurse, in turn, sent him to the company's surgeon. From all the evidence bearing on this point, the finding is a legitimate conclusion. *Hornbrook-Price Co.* v. *Stewart* (1918), 66 Ind. App. 400, 118 N. E. 315.

The award is affirmed.