THE STUDEBAKER CORPORATION *v.* JONES.

[No. 16,007. Filed November 2, 1937.]

*John F. Cotter, Arthur L. Gilliom,* and *Pickens, Gause, Gilliom & Pickens,* for appellant.

*Jones, Obenchain & Butler,* for appellee.

LAYMON, P. J.—This is an appeal from an award of the full Industrial Board in a proceeding brought by appellee for compensation under the Workmen's Compensation Act for an injury (collapsed lung) which appellee claims to have received while in the employ of appellant on September 12, 1936.

The evidence was first heard by one member of the Industrial Board, who found, among other things, that appellee had sustained the alleged injury by reason of an accident arising out of and in the course of his employment and was under total disability therefrom. The single member entered an award for compensation. In due time appellant petitioned for a review before the full board. Thereafter, and before the review by the full board, appellant filed its application for leave to introduce additional evidence, which application was denied by the full board. Thereupon appellant filed its written motion to strike from the record certain evidence introduced at the hearing before the single member. This motion was overruled. On March 15, 1937, the full board, after reviewing the evidence and being duly advised, found, *inter alia*, that on September 12, 1936, while in the employ of appellant at an average weekly wage in excess of $30, the appellee suffered an injury as the result of an accident arising out of and in the course of his employment. Upon that finding the full board made an award for compensation at the rate of $16.50 per week beginning on September 18, 1936, during the period of his disability, not exceeding the period fixed by law and that appellant pay the reasonable and necessary medical, surgical, hospital, and nurses services for the first 30 days following the date of injury.

Appellant prosecutes this appeal, assigning as error: That the award of the full board is contrary to law; that said board abused its discretion in overruling appellant's application to introduce additional evidence at the hearing before the full board; and that the board erred in overruling appellant's motion to strike certain evidence from the record.

Under the first assignment of error appellant challenges the sufficiency of the evidence to sustain the find-

ing that appellee suffered an injury as the result of an accident arising out of and in the course of his employment.

The record discloses that appellee, Jones, had been in the employ of appellant for approximately five years. For over four years of that time his work had been to polish hoods for Studebaker automobiles. He worked and received pay as a pieceworker. Three piece model hoods were substituted for lighter four piece hoods on August 1, 1936. Two types of hood tops were used, the President weighing 36 pounds and the Dictator weighing 32 pounds. Overhead conveyors, moving constantly and approximately 7 feet from the floor, carried the hoods to and from the table at which appellee worked with a partner. On September 12, 1936, two men engaged in the same work as Jones were absent, making, so he testified, more work to do. Appellee stated that he and his partner "hurried a little more that day." Jones was 5 feet 9½ inches in height. In lifting a hood to the conveyor, appellee, who as a general rule hung the hoods back on the conveyor after they had been polished, held the side of the back part near the center of the wide end with his left hand and the upper right hand side of the hood with his right hand, causing his left arm to be extended in an upward position and his right arm in a downward position as he carried the hood from the table where it was polished to the conveyor where it was hung on a hook attached to the conveyor. Sometime in December of 1932 or January of 1933, Jones had missed a week and a half of work due to a cold. This was his only absence because of sickness, and other than the usual illnesses his health during his lifetime had been good. On September 12, 1936, about 11 A. M., Jones, while in the act of lifting a hood to the conveyor, felt a pain in his left side. He testified that never in his life had he felt such a pain

before that day. He sat down for a short period, and, other than feeling what he termed awful pains in his left side, appellee testified that he was sweating, short of breath, and "awful sick." This pain was of short duration, however, and he continued to work until noon. The pain started again between 1:30 and 2 P. M., and appellee worked at intervals from that time until 3 o'clock, at which time he went to his home. A doctor was summoned on the morning of September 13th, and, receiving no relief, Jones called in another doctor that same evening who had him removed to a hospital. Appellee's attending physician testified that he had suffered a collapsed lung, which in his opinion took place at the time Jones had his first pain on Saturday morning, September 12; that both air and blood were found in the pleural cavity, making it a case of hemopneumothorax; that, in his opinion, there was a rupture of an emphysematous bleb or bulla, and that the strain and exertion in lifting this particular hood caused the rupture; that appellee's condition of total disability would be fairly permanent. The roentologist who examined appellee testified that in his opinion substantially the same facts were true. Appellant introduced medical testimony to the effect that the condition of appellee was one which would occur due to an abnormality of the lung without other demonstrable causes, which testimony was substantially in conflict with that introduced by appellee.

In determining the question here presented we are committed to certain well established doctrines adopted by this court requiring us to consider only the evidence most favorable to appellee and preventing us from weighing conflicting evidence. Further, the words "by accident arising out of and in the course of the employment" as used in the Workmen's Compensation Act should be liberally construed in har-

mony with the humane purposes of the act. *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555; *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709, and cases therein cited.

The word "accident" as used in the Workmen's Compensation Act has been construed by this court many times and has been repeatedly held to be used in its popular sense and means any mishap or untoward event not expected or designed. *In re Ayres* (1917), 66 Ind. App. 458, 118 N. E. 386; *Haskell, etc., Car Co.* v. *Brown, supra; Puritan Bed Spring Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417; *Indian Creek Coal, etc., Co.* v. *Calvert, supra; Terre Haute, etc., Mfg. Co.* v. *Wehrle* (1921), 76 Ind. App. 656, 132 N. E. 698; *Townsend & Freeman Co.* v. *Taggart* (1924), 81 Ind. App. 610, 144 N. E. 556; *Stacey Brothers Gas Construction Co.* v. *Massey* (1931), 92 Ind. App. 348, 175 N. E. 368; *Chapman Price Steel Co.* v. *Bertels* (1931), 92 Ind. App. 634, 177 N. E. 76.

Here appellee experienced a pain while in the act of lifting a hood to the conveyor, and his injury was traced by medical testimony to the act of lifting. The mere fact that the physical condition of an employee might make him more susceptible to the particular injury which resulted in his disability is no reason for holding that a disease or condition, rather than the accident, was the proximate cause of the injury upon which the allowance for disability is based; nor is it essential to determine the amount and extent of the strain, effort, or exertion necessary to be expended as a legal cause for a compensable injury. All workmen are not constituted alike. Some are stronger than others and more capable of doing the same work. Some would use more exertion or effort in performing the same labor, and because of their physical condition

might be more susceptible to injury. The act of lifting the hoods to the conveyor undoubtedly required some physical effort and exertion which the board found contributed to the injury complained of and is compensable, however slight. While the work required of appellee may be characterized as ordinary, and such work may have been accomplished by other employees without injury, yet his injury was attached to a definite occurrence (that of lifting) incidental to his employment and within the well-defined meaning of the term "accident" as used in the Workmen's Compensation Act. For cases in point see *Pacific Employers, etc.* v. *Pillsbury, etc.* (1932), 61 Fed. (2d) 101 [pneumothorax]; *Indian Creek Coal, etc., Co.* v. *Calvert, supra,* [aorta]; *Terre Haute, etc., Mfg. Co.* v. *Wehrle, supra,* [hernia]; *Haskell, etc., Car Co.* v. *Brown, supra,* [aneurysm]; *Krenz* v. *Ferguson Coal Co.* (1926), 85 Ind. App. 347, 154 N. E. 35, [hernia].

In determining whether new and additional evidence will be heard by the full board on review, the board has a discretion to be exercised. It is sufficient to say that the allegations in the affidavit attached to appellant's application failed to disclose a sufficient reason for failure to produce at the hearing before the single member the offered testimony therein set out. In the absence of such a showing, we cannot say that the board abused its discretion in this regard.

Appellant's motion to strike out certain evidence is too indefinite and uncertain and was properly overruled.

We conclude that there is ample evidence to sustain the finding and award of the full board. The award is affirmed, and by virture of the statute the amount thereof is increased 5 per cent.