GRAMZA *v.* UNIVERSITY OF NOTRE DAME.

[No. 20,500. Filed February 21, 1967. No Petition for Rehearing filed.]

*Benjamin Piser,* of South Bend, for appellant.

*Joseph A. Roper* and *Chapleau, Roper, McInery & Farabaugh,* both of South Bend, for appellee.

BIERLY, J.—This action was brought by the appellant before the Industrial Board seeking recovery under the Indiana Workmen's Occupational Diseases Act. Appellee was the former employer of appellant.

Appellant filed Form 119, which was an application for the review of an award on account of a change in conditions. The sole issue was the percentage of permanent partial impairment sustained by the appellant, if any, as a result of lead poisoning, the occupational disease in question.

The cause was first tried before a Hearing Member of the Industrial Board who made the following findings and award:

". . . That on the 24th day of August, 1964, the Industrial Board of Indiana rendered an award in said cause in which said award the defendant was ordered to resume payments of compensation for plaintiff's temporary total disability on account of an occupational disease, beginning the 17th day of July, 1962 and to continue until the 3rd day of March, 1963: That the defendant was further ordered to pay hospital and medical expenses incurred by the plaintiff on account of said occupational disease, which said award is in the following words and figures, to wit:

(H.I.)

"It is further found that the said plaintiff's condition on account of the said occupational disease has reached a permanent and quiescent state and that as a result of the said occupational disease he has sustained a 33⅓ per cent permanent partial impairment of the man as a whole."

. . .

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Industrial Board of Indiana that there be awarded plaintiff as against the defendant compensation at the rate of $39.00 per week for a specific period of 166⅔ weeks, beginning the 1st day of August, 1961, for a 33⅓ per cent permanent partial impairment to the man as a whole on account of said occupational disease."

Following this award, the appellant filed his Form 121, application for the Review by the full Board of the ward. The full Board made the following findings and award:

". . . It is further found that the said plaintiff's condition on account of the said occuptional disease has reached a permanent and quiescent state, that as a result of the said occupational disease he has sustained a thirty-three and one-third per cent (33⅓%) permanent partial impairment to the man as a whole; that any impairment or disability which the plaintiff may have at this time is due to causes wholly unrelated to his employment with the defendant herein."

. . .

"It is THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the full Industrial Board of Indiana that there be awarded plaintiff as against the defendant com-

pensation at the rate of $39.00 per week, for a specific period of 166⅔ weeks, beginning the 1st day of August, 1961, for a thirty-three and one-third per cent (33⅓%) permanent partial impairment to the man as a whole on account of the said occupational disease.

"It is further ordered that all deferred payments of compensation shall be brought up to date, paid in cash and in a lump sum.

"It is further ordered that the defendant have credit for any and all payments of compensation heretofore paid plaintiff on account of the said occupational disease in excess of the twenty-six (26) week statutory period."

The appellant assigns as error that, "the award of the full Industrial Board is contrary to law." It is his position that the percentage of impairment found to exist by the Board of 33⅓% was based on speculation and conjecture, since appellant's doctors testified that the impairment percentage was 90 to 100 per cent.

It is the duty of the Board to ascertain the degree or percentage of impairment which is attributable to the occupational disease.

Appellant would have us believe that because the Board found permanent impairment to exist, it must also find that it is due 100% to an occupational disease, merely because appellant has presented medical testimony to that effect. This could possibly be true if that was the only evidence introduced on that point. However, it is a well settled rule of law that on appeal, in cases of this sort, when the sufficiency of the evidence is called into question to support the Board's findings and judgment, we will look only to the evidence most favorable to the appellee. See: *Wilson* v. *Ind. Gas & Water Co., Inc.* (1956) 126 Ind. App. 302, 130 N. E. 2d 498. *Tromley* v. *Padgett & Blue, Inc.* (1955) 125 Ind. App. 688, 125 N. E. 2d 808. *The Studebaker Corp.* v. *Jones* (1937) 104 Ind. App. 270, 10 N. E. 2d 747. As a result, if there is any evidence of pro-

bative value to support the judgment, we will not disturb it. *Ken Schaefer Auto Auction, Inc.* v. *Tustison* (1964) 136 Ind. App. 174, 198 N. E. 2d 873. In no event do we attempt to weigh conflicting evidence and substitute our judgment for that of the Board. *Wilson* v. *Betz Corp., et al.* (1958) 128 Ind. App. 189, 146 N. E. 2d 570.

Without presenting a detailed analysis of the evidence, suffice it to say there was an abundance of evidence most favorable to the appellee upon which the findings of the Board could rest. Indeed, the evidence most favorable to the appellee would even have supported a finding of no impairment as a result of lead poisoning.

A Doctor Rosenwasser testified that there were residuals of appellant's physical impairment due to polio. Doctor Feferman, a neurological surgeon, examined appellant on May 7, 1965, and testified the patient was not suffering from lead poisoning or lead encephalopathy. He found appellant totally impaired, but due to an old physical disability, the residuals of polio, and emotional problems. He believed the only treatment possible was psychiatric. Doctor Olson, an internist, testified that he had examined appellant on May 10, and May 17, 1965, and that he had found no evidence of lead poisoning or lead encephalopathy. This doctor attributed the impairment to an unamed progressive condition with a large amount of functional overlay, anxiety and nervousness. In addition, polio, prior surgery and hospitals played a part in his present condition.

In view of the foregoing, we are of the opinion that there is substantial evidence of a probative value upon which the findings and judgment of the Board can rest, and that the Board's findings and judgment were not based on speculation and conjecture.

Finding no reversible error, the court is of the opinion that the judgment should be affirmed.

Judgment affirmed.

Pfaff, P. J., concurs.

Cook, Smith, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 583.