LOTTINGER, Judge.
This is a workmen’s compensation suit, in which Mrs. Eula Marie Guidry is seeking benefits for permanent total disability, plus penalties and attorneys’ fees, arising out of an accident which happened on December 2, 1975. After the trial on the merits, judgment was rendered dismissing plaintiff’s suit and she has appealed.
Mrs. Guidry was employed as a cook by Conrad Serigny, who was the owner and operator of Leeville Seafood Restaurant and Lounge. On the morning of December 2, 1975, she fell, either because she fainted or had a heart attack or because she slipped on a wet or slick floor. At the trial, Mrs. Guidry testified that she slipped because the floor was newly waxed. The histories taken by various doctors in the case furnish the other versions of how the accident happened.
After the accident, she was unconscious, and was taken by ambulance to Our Lady of the Sea Hospital in Galliano, Louisiana, where she was seen in the emergency room by Dr. William Maroma, who, at that time, specialized in internal medicine and cardiology, although not board certified. His diagnosis was heart failure and syncope. A Dr. George also examined plaintiff because of complaints of back pain, and diagnosed a mild low back strain or sprain.
Dr. Maroma based his diagnosis, in part, on a history that Mrs. Guidry had suffered *905 from heart disease in the past and was taking Digoxin for her heart. Dr. Maroma did not recall from whom he had obtained the history. Mrs. Guidry denied any history of heart disease, and stated that she had never been given medication for a heart condition. She testified that she had taken nitroglycerin for shortness of breath following a gallbladder operation. No direct evidence of a previous heart condition is in the record, and none of the other doctors who subsequently examined Mrs. Guidry found any abnormality relating to her heart or its function. Dr. Maroma had not seen Mrs. Guidry since her discharge from the hospital on December 5, 1975, and was unable to venture an opinion as to any disability arising from her heart condition.
In denying recovery, the trial court found that “plaintiff’s fall was not the result of a waxed or wet floor but was the natural consequence of plaintiff fainting.” He also found that “the evidence introduced was not sufficient to prove that the heart attack or fainting spell was brought about because of the exertion of her employment or any duties in connection therewith.” He then held that since plaintiff failed to show a causal relationship between her employment and the fainting spell, she was not entitled to recover workmen’s compensation benefits. We do not find that the trial judge was manifestly erroneous in his findings of fact.
We think it clear from the record that Mrs. Guidry has failed to prove by a preponderance of the evidence that she is disabled because of a heart condition. No one, including, Dr. Maroma, testified to that effect.
It is equally clear that plaintiff injured her back, and was, for a time, disabled as a result thereof. The main question presented by this appeal is whether the injury resulted from an accident “arising out of and in the course of” plaintiff’s employment. La.R.S. 28:1031.
The two leading cases on the question of whether an accident “arises out of” the employment are Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917) and Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). The Myers case has been cited for the proposition that an accident arises out of the employment if “the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment.” In the Kern case, the court said:
“In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?”
It would appear that the holding of the Kern case is so broad as to include any accidental injury to an employee, from whatever cause, which occurs while he is engaged in the duties of his occupation. However, we note that the limitation of the Myers case is still applied by our courts.
As this court noted in Hull v. Liberty Mutual Insurance Company, 236 So.2d 847, 853 (La.App. 1st Cir. 1970), writ refused 256 La. 862, 239 So.2d 361 (1970):
“Professor Wex S. Malone in Louisiana Workmen’s Compensation Law and Practice considers at Chapter 9, § 198, the risk created by the physical peculiarity of an employee. In this section, the author discusses the employee who because of some physical infirmity ‘may be more subject to accident than a normal employee’ and propounds the question as to whether or not the risks which are attributable to such afflictions arise out of the claimant’s employment. On this subject he states:
‘For present purposes it is assumed that the worker has met with an ordinary traumatic accident, as by falling or burning himself, and that the consequences for which he is seeking compensation are the normal effects of such an accident. In such a case the employer may claim that the accident must be attributed to the affliction and not to the nature of the employment.
*906 This position was sometimes adopted in the earlier English and American decisions. A carpenter who was seized with an attack of epilepsy and fell thirty-nine feet to the ground was denied compensation by the California court,[20]
and in Massachusetts a worker who suffered lapses of memory and wandered into a swamp where he contracted pneumonia was similarly treated.[21]
There are other early decisions in accord,[22] although the cases were never
harmonious.[23]
In later years the rule has become established that an accident which would otherwise be compensable does not cease to arise out of the employment because it can be attributed in part to a physical infirmity of the employee. The usual explanation advanced in the modern cases is that the fall or blow is the direct proximate cause of the injury or death and that the existing susceptibility is only a remote factor.[24]
This may be true even though the conditions of the employment do not expose the employee to any special danger from falling.[25]
The rule applies a fortiori where the danger from falling is greater for the employee than for one not so employed, as where he is required to work at a considerable height from the ground or around fires or other dangers.[26]
The liberal rule described above prevails in Louisiana according to two court of appeal decisions. In Ryland v. R & P Construction Company[27] com-
pensation was allowed claimant, a night watchman, who was seized with an attack of epilepsy and fell into a fire which he had built to keep himself warn. A somewhat similar situation is found in Flowers v. William [Williams]-Rieves Lumber Company,[28] Claimant
was assisting a truck driver. He attempted to chew from a plug of tobacco handed him by the driver. Being unaccustomed to chewing tobacco, he became dizzy and fell from the truck. Compensation was allowed. In both these cases the court found that the physical disability or condition was not the proximate cause of the injury. It is also noteworthy that both claimants were securely within the course of their employment, and recovery could be justified under the rule of the Kern case.[29]
In Hull, supra, the deceased employee, while driving an automobile in the course of his employment, experienced a hypoglycemic shock, became unconscious and lost control of his vehicle. He died as a result of a compound fracture of the skull suffered in the ensuing accident. We permitted recovery on the theory that the accident was the immediate cause of death, and the physical infirmity of the deceased was only a remote cause.
1 Larson, The Law of Workmen’s Compensation, § 12.1i (1978) states:
“When an employee, solely because of a nonoccupational heart attack, epileptic *907 fit, or fainting spell, falls and sustains a skull fracture or other injury, the question arises whether the skull fracture (as distinguished from the internal effects of the heart attack or disease, which of course are not compensable) is an injury arising out of the employment.
“The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle. The currently controversial question is whether the effects of an idiopathic fall to the level ground or bare floor should be deemed to arise out of the employment.” (Footnotes omitted).
At § 12.14 Professor Larson further points out:
“Inevitably there arrive the cases in which the employee suffers an idiopathic fall while standing on a level surface, and in the course of his fall, hits no machinery, bookcases, or tables. At this point there is an obvious temptation to say that there is no way of distinguishing between a fall onto a table and a fall onto a floor, since in either case the hazard encountered in the fall was not conspicuously different from what it might have been at home. A distinct majority of jurisdictions, however, have resisted this temptation and have denied compensation in level-fall cases. The reason is that the basic cause of the harm is personal, and that the employment does not significantly add to the risk. A significant minority, however, make awards for idiopathic level-floor falls, but on close examination of the facts and opinions in these cases, the number is not as large as it has sometimes been thought to be.” (Footnotes omitted).
 We believe this to be the better approach. The workmen’s compensation statute does not contemplate that the employer shall be the insurer for every illness or injury that befalls an employee while on the job. In the present case, there is no proof of any causal relationship between the employment or the place of employment and the fall and resulting injury. Thus, we are of the opinion that the trial judge was correct in denying recovery.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

“20. Brooker v. Industrial Ace. Comm. (1917) 176 Cal.275, 168 P. 126, L.R.A.1918F. 878.”

"21. Milliken’s Case (1914) 216 Mass. 293, 103 N.E. 898, L.R.A.1916A, 337.”

“22. For example, Cox v. Kansas City Refining Co. (1921) 108 Kan. 320, 195 P. 863 (epileptic fell against hot pipes; compensation denied).”

“23. For example, Rockford Hotel Co. v. Industrial Comm. (1921) 300 Ill. 87, 132 N.E. 759, 19 A.L.R. 80 (epileptic fell into bed of hot cinders; compensation allowed); Miller v. Beil (1921) 75 Ind.App. 13, 129 N.E. 493 (epileptic fell into open water tank; compensation allowed).”

“24. Ennis [Ervin] v. Industrial Comm. (1936) 364 Ill. 56, 4 N.E.2d 22; Connelly v. Samaritan Hospital (1932) 259 N.Y. 137, 181 N.E. 76.”

"25. Connelly v. Samaritan Hospital, supra, (laundress suffered heart attack, fell and hit table; compensation allowed); Industrial Comm. v. Nelson (1933) 127 Ohio St. 41, 186 N.E. 735 (epileptic fell and crashed skull against base of machine).”

"26. Reynolds v. Passaic Valley Sewerage Comm. (1943) 130 N.J.L. 437, 33 A.2d 595 (epileptic fell against stove).”

“27- (La.App.2d Cir. 1944) 19 So.2d 349.”

“28. (2d Cir. 1926) 5 La.App. 49.”

“29. See section 191, supra.”